# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

**ARIEL ORTIZ,**

    **Plaintiff,**

Case Number:

v.

**QUICK CATCH, INC.,**

    **Defendant.**

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, by and through her undersigned counsel, hereby brings this action for unpaid overtime wages against Defendant pursuant to Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). In support of her complaint, Plaintiff states as follows:

### Parties

2. Plaintiff, Ariel Ortiz, is a resident of St. Johns County, Florida.

3. Defendant, Quick Catch, Inc, is a wild animal removal company located in Duval County, Florida.

4.   Plaintiff was hired by Defendant as a field technician on August 30, 2021, and remains employed by Defendant in that capacity.

## Jurisdiction

5.   Plaintiff resides in St. Johns County, Florida.

6.   Defendant conducts business in Duval County, Florida.

7.   Defendant employed Plaintiff in Duval County, Florida.

8.   All events giving rise to this action occurred in Duval County, Florida.

## Facts

9.   Defendant employed Plaintiff as a field technician.

10.  Plaintiff was a non-exempt employee to be paid on an hourly basis.

11.  Plaintiff was employed by Defendant during the three years prior to the filing of this lawsuit.

12.  Defendant is wildlife removal service that services Duval County, Florida.

13.  During Plaintiff's employment with Defendant, Plaintiff received paychecks from Defendant.

14. At all times during Plaintiff's employment, Defendant classified Plaintiff as a "salaried" employee.

15. During the entirety of Plaintiff's employment with Defendant, and continuing today, Defendant paid Plaintiff on a salary basis that fluctuates each week.

16. Defendant does not pay Plaintiff based on the number of hours worked by Plaintiff each week. Instead, Defendant pays Plaintiff on a commission basis without regard to the number of hours worked per week.

17. Despite Defendant's commission-based payment model, Plaintiff is entitled to receive at least one-and-one-half times her regular rate for all hours worked beyond 40 in a single workweek.

18. Defendant does not record the number of hours worked by Plaintiff each week. Nor did Defendant provide Plaintiff with the ability to record the number of hours worked by Plaintiff during each week of her employment.

19. Plaintiff regularly and routinely works more than 40 hours in a single workweek. Although Plaintiff is scheduled to work 40 hours per week, Defendant routinely orders Plaintiff to work beyond her scheduled hours.

20. For example, each day Plaintiff is supposed to end her day at 5:00 PM. However, Defendant orders Plaintiff to answer all inbound phone calls from 5:00 PM until 10:00 PM. Defendant forwards all inbound calls to Plaintiff's phone so that Plaintiff can answer calls between 5:00 PM and 10:00 PM each day. Plaintiff is not compensated for this work.

21. In responding to inbound pone calls, Plaintiff is required to speak with the potential customer, take the payment information, make notes in Defendant's systems, and travel to the customer's property to resolve the issue.

22. Thus, Plaintiff works at least 5 hours each day for which she is not compensated.

23. In addition, there are weeks during Plaintiff's employment where Plaintiff's compensation is significantly less than the appropriate minimum wages.

24. If Plaintiff is working but makes no sales, she receives only $50 per week despite the number of hours worked per week.

25. Plaintiff was not always paid at least minimum wages for all hours worked for Defendant during a single workweek.

26. Plaintiff was not paid overtime wages for any hours she worked beyond 40 in a single workweek of the hours she worked while employed by Defendant.

27. Plaintiff was not subject to any overtime exemptions.

28. Defendant engaged in an illegal policy of requiring Plaintiff to work 45 or more hours in each workweek of her employment and did not pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

29. Defendant did not record all of the time worked by Plaintiff during her employment, which is a direct violation of 29 C.F.R. § 516.

30. Defendant failed to pay Plaintiff at one-and-one-half-times her regular rate for all hours worked beyond 40 in a single workweek.

31. Defendant engaged in an illegal scheme of failing, refusing, or neglecting to pay Plaintiff minimum or premium wages for all hours worked while employed by Defendant in an effort to extract work from Plaintiff without compensating Plaintiff for the work provided.

32. Specifically, Defendant suffered and permitted Plaintiff to work for at least 30 minutes before her shift, each day, without pay in order to prepare Defendant's facility to serve students.

33. The off the clock work performed by Plaintiff was performed at Defendant's specific behest and Defendant was aware.

34. Defendant was required to compensate Plaintiff at a rate of at least one-and-one-half times her regular rate for all hours worked beyond 40 in a single workweek.

35. As of this date, Plaintiff still has not been paid premium wages for all hours worked beyond 40 in a single workweek.

36. Plaintiff seeks full compensation, including unpaid minimum wages, premium wages, liquidated damages, attorney's fees, and costs because Defendant's conduct in refusing to pay Plaintiff at least one-and-one-half times her regular rate was a calculated attempt to extract additional work out of Plaintiff for the benefit of Defendant.

37. Defendant is a for-profit corporation that operates and conducts business in, among others, Duval County Florida, and is therefore, within the jurisdiction of the Court.

38. Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Plaintiff performed duties and responsibilities that involved wild animal removal services and required Plaintiff to regularly communicate with customers and traveling along interstate highways and

byways. Plaintiff also routinely and regularly communicate with customers and processed payments from out-of-state financial institutions.

39. This action is brought under the FLSA to recover from Defendant, unpaid overtime wages in the form of unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

40. The Court has jurisdiction over Plaintiff's claims as material events transpired in Duval County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

41. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant is a multi-million-dollar operation that has considerable expertise in the animal removal industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including food, goods, materials and supplies, whom also use telephones, fax machines and other instrumentalities of commerce.

42. At all material times relevant to this action, Plaintiff in her capacity as a field technician, and was individually covered by the FLSA. The very essence of Plaintiffs' employment is so closely related to interstate commerce that Plaintiffs' relationship to interstate commerce cannot be separated because she had to travel along interstate highways and byways.

43. Indeed, Plaintiff was regularly required to communicate with out-of-state vendors and suppliers, out-of-state vendors, received mail from out-of-state, and communicated with other entities via internet, electronic mail, and telephonic communications.

44. Plaintiff did not participate in the creation of budgets for Defendant or participate in corporate strategy or planning. Plaintiff did not implement legal compliance measures.

45. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during his employment.

46. Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that

might reasonably assist Plaintiff with providing even greater specificity regarding the precise number of overtime hours worked by Plaintiff during each week of her employment.

47. However, Plaintiff alleges that she routinely worked in excess of 40 hours per week, including time for which Defendant made no provisions to properly record.

48. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiffs' true hours of work.

## COUNT I – RECOVERY OF UNPAID MINIMUM WAGES

49. Plaintiff reincorporates and readopts all allegations contained in Paragraphs 1-48, above.

50. Plaintiff was employed by Defendant as a "salaried" employee in Duval County, Florida.

51. Plaintiff worked for Defendant in Duval County, Florida.

52. Plaintiff was entitled to be paid at least minimum wages for all hours worked for Defendant.

53. Defendant engaged in an illegal policy of not paying Plaintiff at least minimum wages for all hours worked during her employment.

54. Plaintiff was damaged by Defendant's refusal to pay minimum wages to Plaintiff for all hours worked for Defendant.

55. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid wages, liquidated damages, attorney's fees, and costs.

## COUNT II – RECOVERY OF OVERTIME WAGES

56. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-48, above.

57. Plaintiff was employed by Defendant and was, at all times, protected by the FLSA.

58. Defendant classified Plaintiff as a "salaried" employee.

59. Plaintiff was entitled to receive one-and-one-half times her regular rate for all hours worked beyond 40 in a single work week.

60. Plaintiff regularly worked beyond 40 hours in a single workweek.

61. Defendant engaged in an illegal policy of not paying Plaintiff premium wages for all hours worked beyond 40 in a single work week.

62. Plaintiff was damaged as a result of Defendant's failure to pay Plaintiff premium wages for all hours worked beyond 40 in a single workweek.

63.     As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid premium wages, liquidated damages, attorney's fees, and costs.

64.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demand judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the unpaid overtime wages and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED this 12th day of April, 2022.

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, FL 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com